Derrigny, J.
delivered the opinion of the court. A tract of land, now in the possession of the defendant and appellant, is claimed by the plaintiff and appellee, by virtue of a Spanish grant, in due form. The appellant's title is a sale from the Indians, duly authorized by the government, anterior to that grant. Both titles are, therefore, complete; and the question is only whether the second in date interferes with the first.
The sand in dispute lies on bayou Plaque-mine, at the distance of about twelve arpens from its entrance. It was first surveyed on the application of the widow Schlater, the grantee, *491 and was then represented as vacant; but a survey of the land, purchased from the Indians, by Antoine Lanclos, under whom the appellant claims, having been made shortly after, that purchase was found to include about three-fourths of the land granted. Whether the situation of that Indian purchase was correctly ascertained, is now the question.
It appeal’s that the Chetimacha Indians, Lanclos’s vendors, had been originally settled at some place much lower down the bayou Plaque-mine than the spot of which Lanclos’s purchase is said to be a part; but that, on account of the overflowing of their land, they went further up the bayou, from and to which place they removed, it seems, as occasion required. Which was their principal abode, and whether they finally quitted the one for the other, cannot be ascertained from the testimony, most part of which is vague and contradictory. But there is positive evidence, and that of great weight, that, at the time the Indians applied for permission to sell what they called their upper village, the situation of that land was recognized by the Spanish government to be somewhere in the neighborhood of the widow Schlater’s plantation, from whence arose the clause in their bill of sale, that “ the land should be taken behind hers.”
*492 The manner of locating the lands assigned to the Indians was not by fixing; their bounda ries by actual survey. They obtained permission from the government to settle on a certain spot; and round that spot they were by law entitled to possess an extent of one league. Recop. de Ind. 6, 3, 8. In the present case, we do not see that the Indians were placed by order of the government on any particular spot towards the upper part of the bayou Plaque mine. But, what amounts to the same thing, we see that the lands, which they asked permission to sell in that neighbourhood, were recognized by the government as theirs. Where did those lands lie ? They lay not for from the plantation of the widow Schlater. Where was or had been the Indian village from which these lands depended ? The surveyor, who measured out the widow Schlater’s grant, adjoining her plantation, says that he ran his line through the place where the main village or greatest number of houses stood when the Indians lived on that land ; that is to say, through the very center, round which the land of the Indians extended one league. Thus if is ascertained beyond a doubt that the Indians had a claim to all the land which lay between that village and the lines of the widow Schla- *493 ter's plantation, for there is not one league's distance, in any direction, from the centre of the village to any part of the lower boundary of that plantation.
But Lanclos did not buy all the land of the Indians : he bought only thirty-five arpens front on the bayou, with the ordinary depth. Where are those thirty-five arpens located ? They are undoubtedly situated where the commandant, Croker, with the assistance of the vendors, ascertained them to be. The grant to the widow Schlater had been made, as all grants were, sin perjuicio de tercero, provided it did not interfere with the rights of third persons. Upon a representation that it did, the competent authority, to wit, the intendant, with the advice of the assessor, ordered a verification to be made by the commandant, under the direction of the surveyor-general. That verification took place in the presence of all parties, or the parties duly called, and the grant was found to interfere, as represented. What more certain rule than this survey can this court follow to fix the boundaries between the parties ; moreover, when it is considered that not only the spot in dispute, but all the intermediate space between the Indian village and the lower boundary of the widow Schlater’s plantation was included with *494 in the legal allowed by law to the Indians round their villages ?
Livingston for the plaintiff, Smith for the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; and that judgment be entered for the appellant, with costs.